# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07mj106 |
| vs. | **DETENTION ORDER** |
| JOHN HENRY PRELL, | |
| Defendant. | |

On May 8, 2007, this matter came on for detention hearing on motion by the plaintiff (the "Government) alleging this case involves "a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). Assistant U.S. Attorney Forde Fairchild appeared on behalf of the Government. The defendant John Henry Prell appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of ATF Special Agent Todd Monney.

The evidence indicates Prell was convicted on a state charge of domestic assault. In connection with his arrest on the state charge, numerous firearms were confiscated from Prell's residence. When Prell was placed on probation for the state offense, a condition of his probation was that he not possess any alcohol or offensive weapons, including firearms. A further condition was that he allow officers to search his home periodically to determine if Prell was in possession of the prohibited items. At the time Prell was placed on probation, Agent Monney met with Prell to ensure that Prell was aware of the fact that due to his domestic assault conviction, he was prohibited from possessing firearms, and that doing so would be a felonious act under federal law.

On this record, Prell made attempts to regain possession of his firearms after he was placed on probation. In addition, officers found Prell to be in possession of alcohol, several hundred rounds of live ammunition, and a quantity of gunpowder. Prell apparently had attempted to hide the gunpowder and equipment used in reloading from discovery by placing those items in barrels. Furthermore, Prell has made threatening statements to the victim in the state domestic abuse case, a person who is a potential witness in the present action.

On this record, the court finds the Government has proved by clear and convincing evidence that if he were placed on pretrial release, Prell likely would obstruct or attempt to obstruct justice, or would threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness in the case. The court further finds there are no conditions or combination of conditions of release that would adequately alleviate these concerns.

Accordingly, the court orders as follows:

1. Prell is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Prell reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Prell to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

(b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Prell must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2007.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT